UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:08-cr-282-T-23MAP
  8:10-cv-1207-T-23MAP

DECOURSEY T. BECKLES
_____/

**O R D E R**

Beckles's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for obstructing commerce by robbery, discharging a firearm during a robbery, and possessing a firearm by a convicted felon, for which offenses he is imprisoned for 255 months. Beckles alleges four grounds of ineffective assistance of trial counsel; each ground lacks merit.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Beckles claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Beckles must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Beckles must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Beckles cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

Beckles must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

**Ground One**

Beckles contends that his trial counsel rendered ineffective assistance by misadvising him that he would receive a greater sentence if he proceeded with a direct appeal. As a consequence, Beckles voluntarily dismissed his direct appeal. Beckles claims that trial counsel improperly convinced him to withdraw his appeal by misrepresenting the advantages and disadvantages of an appeal.

Beckles presents no evidence or legal authority to support his ground. Even assuming that counsel misadvised him as he suggests, Beckles cannot establish prejudice because no possibility of a greater sentence existed if he had prevailed on appeal. Beckles's failure to establish prejudice precludes relief on this ground of ineffective assistance of counsel because both requirements of *Strickland* remain unsatisfied. *See Strickland*, 466 U.S. at 691-92.

**Ground Two**

Beckles claims to suffer from an unspecified "significant" mental impairment. He contends that his trial counsel rendered ineffective assistance by not moving at sentencing for a "mental health departure" under USSG § 5K2.0 or § 5H1 or a "mental health variance" under 18 U.S.C. § 3553.

Section 5K2.13 of the United States Sentencing Guidelines allows a downward departure if: "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced

mental capacity contributed substantially to the commission of the offense."[1] USSG § 5K2.13, p.s. (2008).  When Beckles was sentenced, Section 5H1.3 provided that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted . . . ."[2]  To determine a reasonable sentence under 18 U.S.C. § 3553, a district court must consider multiple factors, including "the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).

Two mental health experts, Dr. Debra Goldsmith and Dr. George Northrup, evaluated Beckles's competency to stand trial.  Although Dr. Goldsmith deemed Beckles incompetent to proceed, Dr. Northrup found Beckles competent.[3]  At the competency hearing, the prosecutor and the defense counsel stipulated to Dr. Northrup's conclusion that Beckles was competent to proceed to trial.  (Doc. 22 in 08-cr-282)  The magistrate judge, based upon Dr. Northrup's evaluation, found Beckles competent to proceed.  (Doc. 21 in 08-cr-282)

---

[1] "'Significantly reduced mental capacity' means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." USSG § 5K2.13, comment. (n.1) (2008).

[2] The current version of Section 5H1.3 provides that "[m]ental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines . . . ." USSG § 5H1.3 (2010).

[3] Counsel moved for a competency determination (Doc. 13 in 08-cr-282), which motion was granted. The magistrate judge appointed Dr. Northrup to examine Beckles for competency to stand trial.

At sentencing, (1) the record included the reports of the mental health professionals who evaluated Beckles and (2) counsel called Beckles's mother to testify to Beckles's mental health history. The presentence report ("PSR") also includes information about Beckles's mental health.[4] Beckles does not argue that his unspecified "significant mental impairment" either resulted in a "significantly reduced mental capacity" or contributed substantially to the commission of the crimes. *See* USSG § 5K2.13, p.s. (2008). Beckles presents no evidence establishing that counsel had a basis for arguing for a downward departure under either of the

---

[4] The PSR includes the result of two mental health evaluations:

> 65. Since his arrest for the instant offenses, the defendant has submitted to two psychiatric evaluations to determine his competency/sanity. On August 4, 2008, the defendant was evaluated by Debra Goldsmith, Ph.D. As a result of that evaluation, he was found competent. However, Dr. Goldsmith stated that based on the evaluation and his past history, he would benefit from a referral for a mental health evaluation and a trial dose of an anti-psychotic/mood stabilizer, anger management, and substance abuse treatment. Dr. Goldsmith stated that the defendant exhibited legitimate mental health issues indicative of a psychosis and a mood disorder.
>
> 66. On September 1, 2008, the defendant was evaluated by Dr. George M. Northrup as ordered by the court. Dr. Northrup found the defendant competent and also stated that he did not demonstrate any symptoms of psychosis during the examination. However, Dr. Northrup concluded that the defendant would benefit from mental health treatment. The defendant is not on any medication at this time.

The statement in paragraph 65 of the PSR purporting that Dr. Goldsmith found Beckles competent to proceed is factually erroneous. Dr. Goldsmith specifically states in her report that "the defendant is . . . incompetent to proceed with his legal proceedings." (Doc. 13, report of Dr. Debra Goldsmith, p. 4, in 08-cr-282).

sentencing guidelines Beckles cites. He likewise presents no evidence warranting a variance from the sentencing guidelines range specified in the PSR.

Ground two warrants no relief because Beckles fails to establish that a reasonable probability of a different outcome at sentencing existed if counsel had performed as he suggests. *See Strickland*, 466 U.S. at 694. Beckles's failure to establish prejudice precludes relief on this ground of ineffective assistance of counsel because both requirements of *Strickland* remain unsatisfied. 466 U.S. at 691-92.

**Ground Three**

Beckles contends that his trial counsel rendered ineffective assistance by not moving at sentencing for a downward departure or variance based on Beckles's drug dependence. "Drug or alcohol dependence or abuse is not a reason for a downward departure." USSG. § 5H1.4. *See also* USSG § 5K2.0(d)(1) p.s. (identifying drug dependence or abuse as a "prohibited departure"); *United States v. Cani*, 232 Fed. App'x 938, 939 (11th Cir. 2007)[5] (vacating the defendant's sentence and remanding for resentencing because the district court departed downward based on the defendant's heroin addiction, an "impermissible" basis for departure). Beckles demonstrates neither deficient performance nor resulting prejudice from

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

his counsel's failure to argue at sentencing for a downward departure or variance based on his crack cocaine addiction. *See Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (counsel is not ineffective for failing to raise issues "reasonably considered to be without merit"). Beckles's failure to satisfy *Strickland's* requirements precludes relief. *See Strickland*, 466 U.S. at 691-92.

**Ground Four**

Beckles contends that his trial counsel rendered ineffective assistance by not notifying him that the Eleventh Circuit had granted his motion to voluntarily dismiss his direct appeal and by not informing him of his right to file a motion to vacate under 28 U.S.C. § 2255 within one year of the date his conviction became final. Beckles fails to describe how either alleged action by counsel prejudiced him.

Even assuming that counsel had a duty to inform Beckles that the Eleventh Circuit had granted his motion to voluntarily dismiss his appeal and that counsel failed to so advise Beckles, that failure obviously did not preclude Beckles's timely filing his Section 2255 motion to vacate. Consequently, Beckles fails to establish resulting prejudice. *See Strickland*, 466 U.S. at 691-92. Ground four warrants no relief.

Accordingly, Beckles's motion to vacate (Doc. 1) is **DENIED**. The clerk must enter a judgment against Beckles and close this case.

**CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

Beckles is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Beckles must show that reasonable jurists would find debatable the merits of the underlying claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate the merits of the claims, Beckles is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 9, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE