UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.  8:08-cr-282-T-23MAP
                                                      8:10-cv-1207-T-23MAP
DECOURSEY T. BECKLES

_____/

## **O R D E R**

Beckles's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the

validity of his convictions for obstructing commerce by robbery, discharging a firearm

during a robbery, and possessing a firearm illegally, for which offenses he is imprisoned

for 255 months.  Beckles's four grounds of ineffective assistance of trial counsel were

denied on the merits.  (Doc. 9)  Beckles moves under Rule 59(e), Federal Rules of Civil

Procedure, for reconsideration (Doc. 13) of his challenge to his sentence based on his

alleged mental impairment.

After he was found competent to proceed, Beckles pleaded guilty without a plea

agreement.  Beckles's mental state was extensively explored in both the pre-trial

competency hearing and the pre-sentence report ("PSR").  Beckles's sentence includes

the directive that he participate in a mental health treatment program.  Ground two in

the Section 2255 motion alleges that his trial counsel rendered ineffective assistance at

sentencing by neither moving for a "mental health variance" under 18 U.S.C. § 3553

nor a "mental health departure" under either USSG § 5K2.0 or § 5H1.  The claim was

rejected because (1) "Beckles does not argue that his unspecified 'significant mental impairment' either resulted in a 'significantly reduced mental capacity' or contributed substantially to the commission of the crimes," (2) "Beckles presents no evidence establishing that counsel had a basis for arguing for a downward departure under either of the sentencing guidelines Beckles cites," and (3) "[Beckles] likewise presents no evidence warranting a variance from the sentencing guidelines range specified in the PSR."  In moving for reconsideration Beckles argues, "In its order denying ground two of the petitioner's §2255 the court contradicts itself by stating that the petitioner did not present any evidence of his mental capacity yet in the same order cites the doctors conclusions on page six of its order."

Beckles's misunderstands the earlier order, which rejects Beckles's claim because he presents no new evidence that counsel should have presented.  The conflicting evidence regarding Beckles's mental health was resolved against him during the initial criminal proceeding.  On direct appeal Beckles could have challenged the district court's resolution of the conflicting evidence.  Both Beckles's Section 2255 motion and his Rule 59(e) motion rely on the same conflict of evidence that was addressed during the initial criminal proceeding.

Rule 59(e) authorizes a motion to alter or amend a judgment after the judgment's entry.  "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (*quoting In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).  The decision to

alter or amend a judgment under Rule 59(e) "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).  A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993).

The decision to alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  A party cannot use "a Rule 59(e) motion to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d at 1343 (*quoting Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).  Beckles's Rule 59(e) motion neither asserts an intervening change in controlling law nor demonstrates a manifest error of law or fact resulting from the denial of his Section 2255 motion to vacate.  *See Arthur v. King*, 500 F.3d at 1343.  Neither the Section 2255 motion nor the Rule 59(e) motion asserts evidence of a mental impairment that was not part of the initial criminal proceeding.

Accordingly, Beckles's motion to alter or amend judgment (Doc. 13) is **DENIED**.

ORDERED in Tampa, Florida, on November 21, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE